**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>GLC Restaurants, Inc. d/b/a McDonald's Restaurant, an Arizona corporation,<br><br>    Defendant. | No. CV05-618 PCT-DGC<br><br>**ORDER** |

  On September 1, 2005, the Honorable Paul G. Rosenblatt recused himself and transferred the case to this Court. *See* Doc. #27. Currently pending on the docket is a Motion to Intervene as Plaintiffs filed by Jessica J. Tubandt, Amanda Henry, Tiara M. Brazle, and Tamara A. Grubbs ("Plaintiff Interveners"). *See* Doc. #26. The Motion asserts that the Plaintiff Interveners have a right to intervene in this action under 42 U.S.C. § 2000e-5(f)(1) and Federal Rule of Civil Procedure 24(a)(1). The Motion also asserts that they have a direct interest in the outcome of this case and therefore a permissive right to intervene under Rule 24(a)(2). Although the Motion has been pending for more than two months, Defendant has filed no opposition. The Court will grant the Motion to Intervene. *See* LRCiv 7.2(i).

  Judge Rosenblatt entered a Scheduling Order on August 1, 2005. *See* Doc. #24. In light of the intervention of these additional parties and consistent with this Court's case

management practices, this Order will revise some of the dates established by Judge Rosenblatt and will supercede his Scheduling Order. The parties should review this Order carefully as it also sets forth procedures and rules different from those contained in the previous Scheduling Order.

**IT IS HEREBY ORDERED:**

1. The Motion to Intervene (Doc. #26) is **granted**.

2. <u>Deadline for Initial Disclosures</u>. Initial disclosures by the original parties were required on July 15, 2005. The Plaintiff Interveners shall file initial disclosures on or before **November 4, 2005**.

3. <u>Deadline for Joining Parties and Amending Pleadings</u>. Judge Rosenblatt established a deadline for joining additional parties and amended pleadings of **August 12, 2005**. This deadline shall remain in effect.

4. <u>Discovery Limitations</u>. Depositions in this case shall be limited to seven hours each as provided in Rule 30(d)(2) of the Federal Rules of Civil Procedure. Each side may propound up to 40 interrogatories, including subparts, 40 requests for production of documents, including subparts, and 40 requests for admissions, including subparts. The limitations set forth in this paragraph may be increased by mutual agreement of the parties, but such an increase will not result in an extension of the discovery deadlines set forth below.

5. <u>Deadline for Completion of Fact Discovery</u>. The deadline for completing fact discovery shall be **March 31, 2006**. To ensure compliance with this deadline, the following rules shall apply:

    a. Depositions: All depositions shall be scheduled to commence at least **five working days** prior to the discovery deadline. A deposition commenced five days prior to the deadline may continue up until the deadline, as necessary.

b. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the discovery deadline.

c. Notwithstanding Local Rule of Civil Procedure 7.3(c), the parties may mutually agree, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

6. <u>Deadlines for Disclosure of Experts and Completion of Expert Discovery</u>.

a. The Plaintiff(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **December 16, 2005**.

b. The Defendant(s) shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **January 27, 2006**.

c. Rebuttal expert disclosures, if any, shall be made no later than **February 24, 2006**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d. Expert depositions shall be completed no later than **March 31, 2006**. As with fact witness depositions, expert depositions shall be scheduled to commence at least five working days before the deadline.

7. <u>Discovery Disputes</u>.

a. The parties shall not file written discovery motions without leave of Court.[1] If a discovery dispute arises, the parties promptly shall contact the Court to

---

[1] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.

- 3 -

1  request a telephone conference concerning the dispute. The Court will seek to resolve the
2  dispute during the telephone conference, and may enter appropriate orders on the basis
3  of the telephone conference. The Court may order written briefing if it does not resolve the
4  dispute during the telephone conference.

5        b.    Parties shall not contact the Court concerning a discovery dispute
6  without first seeking to resolve the matter through personal consultation and sincere effort
7  as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall
8  also comply with Local Rule of Civil Procedure 7.2(j).

9        c.    Absent extraordinary circumstances, the Court will not entertain fact
10 discovery disputes after the deadline for completion of fact discovery, and will not
11 entertain expert discovery disputes after the deadline for completion of expert discovery.

12    8.    <u>Deadline for Filing Dispositive Motions</u>.

13        a.    Dispositive motions shall be filed no later than **April 28, 2005**. Such
14 motions must comply in all respects with the Federal Rules of Civil Procedure and the Local
15 Rules.

16        b.    No party shall file more than one motion for summary judgment under
17 Rule 56 of the Federal Rules of Civil Procedure unless permission is first obtained, by joint
18 telephone call, from the Court.

19        c.    Failure to respond to a motion within the time periods provided in
20 Local Rule of Civil Procedure 7.2 will be deemed a consent to the denial or granting of the
21 motion and the Court may dispose of the motion summarily pursuant to Local Rule of Civil
22 Procedure 7.2(i).

23        d.    The parties shall not notice oral argument on any motion. Instead, a
24 party desiring oral argument shall place the words "Oral Argument Requested" immediately
25 below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will
26 issue a Minute Entry Order scheduling oral argument as it deems appropriate.

27
28

9. <u>Deadline for Engaging in Good Faith Settlement Talks</u>.  All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **March 31, 2006**.  Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint Report on Settlement Talks executed by or on behalf of all counsel.  The Report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.

10. <u>Deadline for Notice of Readiness for Pretrial Conference</u>.  The Plaintiff(s) shall notify the Court that the parties are ready for scheduling of a Final Pretrial Conference pursuant to Rule 16(d) of the Federal Rules of Civil Procedure.  The Plaintiff(s) shall file and serve this notice within **ten days** of the dispositive motion deadline if no dispositive motions are pending on that date.  If dispositive motions are pending, Plaintiff(s) shall file and serve such notice within **ten days** after the resolution of dispositive motions.  The Court will then issue an Order Setting Final Pretrial Conference that (a) sets deadlines for briefing motions in limine, (b) includes a form for the completion of the parties' joint proposed Final Pretrial Order, and (c) otherwise instructs the parties concerning their duties in preparing for the Final Pretrial Conference.  A firm trial date will be set at the Final Pretrial Conference.

11. <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly.

DATED this 19th day of October, 2005.

David G. Campbell
United States District Judge

- 5 -