**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GLC Restaurants, Inc. d/b/a McDonald's Restaurant, an Arizona corporation,<br><br>　　　　　Defendant. | No. CV05-618 PCT-DGC<br><br>**ORDER** |

On November 16, 2005, the Court held a discovery conference call with the parties. The call concerned two general lines of questioning during the deposition of Plaintiff Jessica Tubandt.

The first line of questioning concerned the Plaintiff's past sexual activities. The Court concluded that such questions are, at most, only marginally relevant to issues in this case, and that the potential for harassment and annoyance is high. As a result, the Court concluded that good cause exists for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure and held that such questions may not be asked. Other courts have reached the same conclusion. *See Priest v. Rotary*, 98 F.R.D. 755, 761 (N.D. Cal. 1983).

The second line of questioning concerned conversations Plaintiff may have had in the workplace concerning sexual matters. The parties confirmed during the conference call that this case includes allegations of sexual harassment and a sexually hostile work

1  environment based in part on comments made in the workplace. To establish these claims,
2  Plaintiffs will be required to demonstrate, among other things, that sexual comments in the
3  workplace were unwelcome and were sufficiently severe or pervasive to alter the
4  conditions of employment. *See* Ninth Circuit Model Civil Jury Instruction 12.2A. Plaintiffs
5  will also be required to show that a reasonable person in the Plaintiffs' circumstances
6  would consider the work environment to be abusive or hostile. *Id*. Given these allegations,
7  the Court concludes that workplace conversations engaged in by Plaintiffs are relevant for
8  purposes of discovery. The Court accordingly held that Defendant may inquire into sexual
9  conversations Plaintiffs heard or participated in at the workplace, even if such
10 conversations might in some degree reveal Plaintiffs' past sexual activities.

   DATED this 17th day of November, 2005.

   _____
   David G. Campbell
   United States District Judge