**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>GLC Restaurants, Inc. d/b/a McDonald's Restaurant, an Arizona corporation,<br><br>    Defendant.<br>_____<br>Jessica J. Tubandt, Amanda Henry, Tiara M. Brazle, and Tamara A. Grubbs,<br><br>    Plaintiffs/Intervenors,<br>vs.<br><br>GLC Restaurants, Inc. d/b/a McDonald's Restaurant, an Arizona corporation,<br><br>    Defendant. | **CV 05-0618 PCT DGC**<br><br>**O R D E R** |

The Court has received Defendant Steven Ehresman's motion for reconsideration of the Court's order granting in part and denying in part Ehresman's and GLC's motions for summary judgment. Dkt. #214. For the reasons stated below, the Court will deny the motion for reconsideration.

The Court granted summary judgment to Ehresman on all state law counts except those for assault and battery and punitive damages. Dkt. #212 at 17, 20. Ehresman asks the Court to reconsider its denial of summary judgment on the question of punitive damages for

1  Plaintiffs' state law claims. He argues that the Court's use of the term "harassment" when
2  denying summary judgment on this issue shows that the Court improperly considered
3  conduct other than that necessary to support assault and battery claims.

4        In Arizona, a plaintiff seeking punitive damages "must prove that defendant's evil
5  hand was guided by an evil mind." *Rawlings v. Apodaca*, 726 P.2d 565, 578 (1986). Such
6  an evil mind may be found "where defendant intended to injure the plaintiff" or where
7  "defendant consciously pursued a course of conduct knowing that it created a substantial risk
8  of significant harm to others." *Id*; *see also Johnson v. Pankratz*, 2 P.3d 1266, 1269 (Ariz.
9  App. 2000) (holding that punitive damages may be appropriate in the battery context even
10 when no physical injury exists).

11       In its order, the Court found that Plaintiffs could seek redress of their alleged verbal
12 and physical harassment through their Title VII claims and could also recover for alleged
13 physical harassment through their assault and battery claims. Dkt. #212. The Court properly
14 treated the Title VII claims and state law claims separately. The Court did not "rely on
15 Plaintiffs' respective federal Title VII claims for sexual harassment against GLC to deny
16 summary judgment to Ehresman on the issue of state-law punitive damages." Dkt. #214 at 3.
17 The Court's use of the term "harassment" in its discussion of state law punitive damages was
18 a reference to the alleged assaults and batteries.

19       A jury could reasonably find that Ehresman's repetitive and unwelcome touching of
20 Plaintiffs was guided by a conscious disregard for the risk that such behavior would
21 significantly harm Plaintiffs. It is one thing for an employee to make casual sexual remarks
22 in a workplace like McDonald's. Such behavior may be redressed through a hostile work
23 environment suit under Title VII. It is quite another for an assistant manager over forty to
24 physically touch teenage employees repeatedly and inappropriately, despite clear requests
25 to stop. This alleged conduct led the Court to deny summary judgment on the assault and
26 battery claims and on the issue of punitive damages under state law.

27       Ehresman attempts to minimize the severity of the alleged physical contact he made
28 with Plaintiffs by arguing that he did not work for long periods of time with each Plaintiff

- 2 -

1 and that his conduct was not severe. For example, Ehresman asserts that he worked only 48
2 hours with Amanda Henry and 28 hours with Tiara Brazle. Dkt. #214 at 5 n.5, 6 n.7.
3 Moreover, he quotes Plaintiffs' accounts of how he touched them in inappropriate ways and
4 claims that the Court should deny punitive damages because such contact was not egregious.
5 *Id*. at 4-6. The Court has already reviewed these and other facts in the record and decided
6 that Plaintiffs' allegations, including repeated notice to Ehresman that his physical contact
7 with employees was inappropriate, warrant submission of the punitive damages issue to a
8 jury. Dkt. #212 at 20. Motions for reconsideration should not ask the Court to rethink its
9 analysis. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing
10 *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)).
11 Moreover, this is not a case where the Court has been presented with newly discovered
12 evidence, committed clear error or made a decision that was manifestly unjust, or been
13 apprized of an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah County,*
14 *Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (defining instances in which
15 reconsideration is appropriate).

16 **IT IS ORDERED** that Defendant Ehresman's motion for reconsideration (Dkt. #214)
17 is **denied**.

18 DATED this 28th day of November, 2006.

_____
David G. Campbell
United States District Judge