IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GLC Restaurants, Inc. d/b/a McDonald's Restaurant, an Arizona corporation,<br><br>　　　　Defendant.<br>_____<br>Jessica J. Tubandt, Amanda Henry, Tiara M. Brazle, and Tamara A. Grubbs,<br><br>　　　　Plaintiffs/Interveners,<br><br>vs.<br><br>GLC Restaurants, Inc. d/b/a McDonald's Restaurant, an Arizona corporation; Steven Alan Ehresman and Shari Louise Ehresman, husband and wife; Cindy Keppel and John Doe Keppel, wife and husband,<br><br>　　　　Defendants. | **CIV 05 - 0618 PCT DGC**<br><br><br><br>**CONSENT DECREE** |

　　The Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action against GLC Restaurants, Inc., d/b/a McDonald's Restaurant ("McDonald's" or "Defendant") on February 24, 2005, in this Court, to enforce Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In the Complaint, the Commission alleged that Defendant discriminated against Charging Parties Tiara Brazle, Tamara Grubbs, Amanda Henry, Jessica Tubandt and a class of individuals because of their sex (female), by subjecting them to sexual harassment and creating a sexually hostile work environment. The Complaint further alleged that Ms. Brazle was constructively discharged because of the sexual harassment and hostile work environment.

On October 19, 2005, this Court granted the Charging Parties', Tiara Brazle's, Tamara A. Grubbs', Amanda Henry's, and Jessica Tubandt's (hereinafter "Intervenors") Motion to Intervene (Docket No. 32).  On November 23, 2005, the Court granted Intervenors' Motion to Amend their Complaint in intervention (Docket No. 56).

This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of Title VII.  This Consent Decree shall not be construed as either a finding of, or evidence of, any violations by Defendant of Title VII, or any other federal or state statute, regulation, or common law obligation. This Consent Decree is the result of compromise among the parties of disputed claims, and Defendant completely denies that it has done anything wrong or violated any law, and does not admit to liability, wrongdoing, or any violation of law. This does not prevent a determination of a prevailing party on the Title VII claims for this action, and Intervenors shall be deemed the prevailing party(ies) entitled to file a motion for an order awarding Plaintiff/Intervenors costs and attorneys' fees (including expert fees) in such amount(s) as the Court determines is/are fair and reasonable with a maximum of $400,000.00

The Parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the Commission, Intervenors and Defendant have agreed that the portion of this action dealing with the Title VII claims should be finally resolved by entry of this Consent Decree. The Parties stipulate that this Consent Decree is fair, reasonable, and equitable and does not violate the law or public policy.

It is **ORDERED, ADJUDGED AND DECREED:**

1. This Decree resolves all Title VII claims between the Commission, Intervenors and Defendant in this lawsuit, including without limitation, back pay, compensatory and punitive damages, injunctive relief, and, in conjunction with separate order and proceedings as addressed in subsequent paragraph 16, costs, and attorneys' fees.

2. Defendant and its officers, agents, employees, successors, and assigns both at the time that this Decree becomes effective and for the duration of this Decree, are enjoined from: (a) discriminating against any employee on the basis of sex, (b) harassing any employee based on sex; (c) retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by Title VII; (ii) files or filed a charge of discrimination or assists, assisted, participates, or participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under federal or state laws prohibiting discrimination or retaliation; and (d) altering the terms and conditions of any employee's employment because of sex to the extent required by Federal and State law.

**MONETARY RELIEF**

3. Defendant shall pay, by check or money order, the total amount of $550,000 as compensatory damages for emotional distress, making its best efforts to pay within fifteen (15) days, but no later than thirty (30) days from the date of the entry of this Decree, to be distributed to Intervenors Tiara Brazle, Tamara Grubbs, Amanda Henry, Jessica Tubandt and to class members Dianna Candelaria, Mary Hellman, Candice Hannah and Charlene Hannah, as set forth in Attachment A.

Defendant will not condition the receipt of individual relief on the Intervenors' or class members' agreement to: (a) maintain confidentiality; or (b) waive their statutory rights to file a charge with any Federal or State anti-discrimination agency. Defendant will issue applicable United States Internal Revenue Service Forms to the Intervenors and class members for all such payments on or before January 31, 2008.

4. The checks or money orders provided for in paragraph 3 of this Decree shall be made payable in the manner directed by the Commission and mailed directly by Defendant to Tiara Brazle, Tamara Grubbs, Amanda Henry, Jessica Tubandt, Dianna Candelaria, Mary Hellman, Candice Hannah and Charlene Hannah at the addresses supplied by the Commission. Within seven business days of the issuance of the checks, Defendant shall submit a copy of the checks and related correspondence to the United States Equal Employment Opportunity Commission, Regional Attorney, 3300 North Central Avenue, Suite 690, Phoenix, Arizona, 85012.

**OTHER RELIEF**

5. Defendant will institute and carry out policies and practices at its Arizona restaurants that help assure a work environment free from sex-based discrimination, harassment and retaliation for its employees; that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by Title VII; and that provide procedures for employees to report incidents of sex-based discrimination, harassment and retaliation.

6. To assist Defendant in achieving and maintaining compliance in the area of anti-discrimination and equal employment opportunity, within 30 (thirty) days of the entry of the Decree, Defendant's Chief Executive Officer will appoint an appropriate and qualified employee to be responsible for: (a) reviewing and revising Defendant's anti-discrimination policies; (b) reviewing and revising Defendant's procedures with respect to responding to and keeping records regarding complaints received; (c) receiving and investigating complaints of discrimination; (d) evaluating

and, if appropriate, disciplining or terminating employees for violation of Defendant's anti-discrimination policies; and (e) preparing reports to the Commission, as required by this Decree.

7. Defendant agrees that it shall not re-hire Steven Ehresman in any capacity.

8. Annually for the duration of the injunctive provisions of this Decree, Defendant will provide training for all employees which shall include, but is not limited to: (1) what constitutes sex-based discrimination, retaliation, and harassment; (2) that Title VII prohibits such misconduct; (3) how to prevent such misconduct; (4) to whom employees may complain if they feel they have been subjected to such misconduct; and (5) that managers will be evaluated on their enforcement of Defendant's anti-discrimination policies. Recognizing that Defendant's workers are often young people with little or no work experience, the training shall include a clear and strong statement from a high-ranking management official requesting that any employee who feels she or he has been the victim of sexual harassment or retaliation come forward and that the company will make every effort to rectify the situation, including stopping the conduct and disciplining the offending individual(s) where appropriate.

Training will also include an explanation of Defendant's policies regarding sex-based discrimination, harassment and retaliation; the importance of maintaining an environment free from harassment; and the discipline that may be taken against any employee found to have harassed or retaliated against other employees.

   a. Defendant will arrange and be financially responsible for a consultant/lecturer(s), who will provide consultation and training session(s) for all of its employees at its Arizona restaurants. The training session(s) shall be provided by the consultant/lecturer(s). Defendant shall obtain the EEOC's approval of the consultant by providing the name and resume of the consultant at least sixty days prior to the first training session. Defendant may videotape the session for those employees who cannot attend the live session. Live training must be conducted at

its Camp Verde and Cordes Junction restaurants, while videotaped training will be sufficient at Defendant's other Arizona restaurants.

        b.     During the live training session(s), a high-ranking management official of GLC will speak to the employees about the discipline that can be taken against supervisors, managers and employees who commit acts of discrimination, harassment or retaliation or allow discrimination, harassment or retaliation to occur in the workplace; the importance of maintaining an environment free of discrimination; and Defendant's anti-discrimination policies.

        c.     The seminar training session shall be at least two (2) hours in length, including thirty (30) minutes for questions and answers. All of Defendant's employees, including managers, shall register for and attend the seminar session. Employees who are unable to attend the live session may watch a videotape of it. Additionally, Defendant will require new employees who are hired after the annual training to complete the requisite two (2) hours of training, via videotape, within ten (10) days of being hired.

        d.     Employees shall sign a registry when they attend the training or watch the videotape. Defendant shall keep, for the duration of the injunctive provisions of this Decree, this written record of all employees who attend the training or watch it on video.

        e.     The first seminar training session shall be held within four months of the Consent Decree being entered.

        9.     Defendant will require all individuals who work in a managerial or supervisory capacity to receive at least six (6) hours of training annually regarding Title VII and other federal anti-discrimination laws. The training shall directly address sexual harassment, retaliation, gender discrimination, how to conduct an effective sexual harassment investigation and how to prevent and correct sexual harassment. Additionally, after the completion of the annual training, Defendant will require employees newly hired or promoted into a managerial or supervisory position to complete the requisite training within twenty (20) days of being hired or promoted.

Defendant will notify the Commission when this annual training session has been completed. Defendant shall obtain the EEOC's approval of the consultant by providing the name and resume of the expert at least sixty days prior to the first training session. The EEOC will have ten days to respond or waive its right to do so.

      10.    Within thirty days of the entry of this Decree, Defendant will review and revise its written policies concerning discrimination and retaliation to conform with the law. Defendant's written policies must include, at a minimum:

        a.    A clear and strong commitment to a workplace free of sex-based discrimination, harassment and retaliation;

        b.    A clear and strong message of encouragement to persons who believe they have been discriminated against to come forward;

        c.    A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

        d.    An assurance of non-retaliation for persons who believe they have been discriminated against and for witnesses;

        e.    That sexual harassment and discrimination on the basis of sex by anyone, including management officials, supervisors, vendors, suppliers, third parties and customers, is prohibited and will not be tolerated;

        f.    The identification of specific alternative individuals, including managers with their telephone numbers, to whom employees who have been subjected to sex-based discrimination, harassment or retaliation can report the discrimination and who have the authority to investigate allegations of discrimination in a neutral and confidential manner;

        g.    A written statement that an employee may report the harassment to a designated person outside of his or her chain of management should the employee prefer to do so;

        h.    Assurances that Defendant will investigate allegations of sex-

based discrimination, harassment and retaliation promptly, fairly, reasonably, effectively and as confidentially as possible under the circumstances, by appropriate investigators and that appropriate corrective action will be taken by Defendant and best efforts will be made to ensure compliance with Title VII; and

i. Information regarding the employee's right to file a charge of discrimination with the EEOC, including contact telephone numbers, TDY/TDD and addresses for the EEOC.

11. These policies shall be posted in a prominent location, frequented by employees, at Defendant's restaurants in Cordes Junction and Camp Verde. These policies shall also be distributed to each current employee within thirty days of the entry of the Decree, and distributed to all new employees when hired.

12. Defendant shall promptly and appropriately investigate all complaints of sex-based discrimination, harassment or retaliation.

## **APOLOGY**

13. Within fourteen (14) days of the entry of the Decree, Defendant's CEO shall prepare and mail a letter of apology to Tiara Brazle, Tamara Grubbs, Amanda Henry, Jessica Tubandt and to class members Dianna Candelaria, Mary Hellman, Candice Hannah and Charlene Hannah as set forth in Attachment B.

## **NOTICE**

14. Defendant will post the Notice attached as Attachment C at Defendant's Cordes Junction and Camp Verde restaurants. The Notice will be posted in an appropriate place frequented by employees, for the duration of this Decree. The Notice, which shall be posted in both English and Spanish, shall be the same type, size, and style as Attachment C.

## **REPORTING BY DEFENDANT AND ACCESS BY EEOC**

15. In addition to the reporting specified throughout the Decree above, Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690,

Phoenix, Arizona 85012, beginning six months from the date of the entry of this Decree, and then annually for the duration of the Decree confirmation that: (i) the Notice required in paragraph 14 of this Decree was posted and the location(s) where it was posted; (ii) the policies required in paragraph 10 were distributed to each current and new employee and posted. Within six months of the entry of the decree, Defendant will notify the EEOC that the apology required in paragraph 13 was sent to Tiara Brazle, Tamara Grubbs, Amanda Henry, Jessica Tubandt and to class members Dianna Candelaria, Mary Hellman, Candice Hannah and Charlene Hannah.

## COSTS AND ATTORNEYS' FEES

16. Except as decreed in the "Order, Re: Costs and Attorneys' Fees" entered herein, and the proceedings directed therein for determination of an award of costs and attorneys' fees, under Title VII to Intervenors, the other parties to the portion of this action dealing with the Title VII claims shall bear their own attorneys' fees and costs in this action up to the date of entry of this Decree.

## FORCE AND EFFECT

17. The duration of the injunctive provisions of this Decree shall be thirty-six (36) months from its entry. This Court shall retain jurisdiction over this action for the duration of the injunctive provisions of this Decree, during which the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered. Absent extension, the injunctive provisions of this Decree shall expire by its own terms at the end of thirty-six (36) months from the date of entry, without further action by the Parties.

## PENALTIES FOR NON-COMPLIANCE

18. In the event that the Commission believes that Defendant has failed to comply with any provision(s) of the Decree, the Commission shall:

    (a) Notify Defendant in writing of the alleged non-compliance,

which notice shall state that it is being given pursuant to this paragraph 18(a) of this Decree and shall be sent by fax and by first-class mail both to the counsel and the corporate officer who sign this Decree on behalf of Defendant, using the fax numbers and addresses shown in connection with their signatures below.

19. Should the Court determine that Defendant has not complied with this Decree, appropriate relief may be ordered. This Decree shall expire by its own terms at the end of thirty-six (36) months from the date of entry, without further action by the Parties.

20. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

DATED this 20th day of March, 2007.

_____
David G. Campbell
United States District Judge

APPROVED AND CONSENTED TO BY:

_____
CHIEF EXECUTIVE OFFICER
GLC Restaurants, Inc.

s/Yvette Heintzelman
Gerald L. Maatman, Jr.
Yvette A. Heintzelman
SEYFARTH SHAW, L.L.P.
55 East Monroe Street, Suite 4200
Chicago, Illinois 60603
ATTORNEYS FOR DEFENDANT

s/Mary Jo O'Neill
Mary Jo O'Neill
Regional Attorney

s/Sally C. Shanley
Sally C. Shanley
Supervisory Trial Attorney

s/Michell G. Marshall
Michelle G. Marshall
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Ave., Suite 690
Phoenix, Arizona 85012

ATTORNEYS FOR PLAINTIFF


s/Milton W. Hathaway
Milton W. Hathaway, Jr.
Murphy, Lutey, Schmitt & Fuchs, P.L.L.C.
117 East Gurley, Third Floor
P.O. Box 591
Prescott, Arizona 86302-0591

ATTORNEYS FOR PLAINTIFF-INTERVENORS

# ATTACHMENT A

| CLASS MEMBER | |
|---|---|
| Tiara Brazle and Milton W. Hathaway Jr., her attorney | $100,000 |
| Tamara Grubbs and Milton W. Hathaway Jr., her attorney | $100,000 |
| Amanda Henry and Milton W. Hathaway Jr., her attorney | $100,000 |
| Jessica Tubandt and Milton W. Hathaway Jr., her attorney | $100,000 |
| Dianna Candelaria | $37,500 |
| Candice Jackson Hannah | $37,500 |
| Charlene Darnell (formerly Hannah) | $37,500 |
| Mary Hellman | $37,500 |

# ATTACHMENT B

[GLC Letterhead]

[Date]

[address]:

As you are aware, a lawsuit was filed by the Equal Employment Opportunity Commission against GLC Restaurants, Inc., alleging that it discriminated against a number of employees by subjecting them to sexual harassment, a hostile work environment and retaliation.

Please accept my sincere apology on behalf of GLC Restaurants, Inc. We are committed to creating and maintaining an environment where no employee must endure harassment based on his or her sex, or suffer retaliation for bringing grievances to our attention.

Sincerely,


President, GLC Restaurants, Inc.

# ATTACHMENT C

# NOTICE TO ALL EMPLOYEES OF
# GLC RESTAURANTS, INC.

This Notice is posted pursuant to a Consent Decree entered into between GLC Restaurants, Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of sex, including sexual harassment, in the recruitment, hiring, firing, compensation, assignment, or other terms, and conditions or privileges of employment.  Sexual harassment includes unwelcome or offensive sexual advances or touching, requests for sexual favors, or other verbal or physical conduct directed at a person because of her/his sex.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

GLC shall not discriminate against any employee on the basis of sex, including sexual harassment, and shall not retaliate against any employee for complaining about sexual harassment.

If you believe you have been discriminated against or sexually harassed, you have the right to seek assistance from:

    (1)    EEOC
               3300 North Central Ave., Suite 690
               Phoenix, Arizona 85012
               Telephone:  (602) 640-5000
               TTY: (602) 640-5072
               Website (national): www.eeoc.gov; or

    (2)    Arizona Civil Rights Division (ACRD)
               Attorney General's Office

      1275 W. Washington
      Phoenix, Arizona, 85007
      (602) 255-5263.

You have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against, retaliated against or sexually harassed.

<u>No Retaliation Clause.</u> It is against the law for any action to be taken against you by any supervisory or management official of GLC for: (1) opposing sexual harassment or other discriminatory practices made unlawful by federal or state law; (2) filing a charge or assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD at the addresses or telephone numbers listed above.